IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19- |
| v. | : | DATE FILED: |
| DAOUDA DIENG | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud -- 1 count) |
| | : | 18 U.S.C. § 1028A (aggravated identity theft -- 3 counts) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

### BACKGROUND

1. British Airways was an airline with ticket counters at airports around the world, including Philadelphia International Airport.

3. Iberia was a British Airways partner, offering flights to and from cities around the world, including Dakar, Sengal; Madrid, Spain; and Quito and Guayaquil, Ecuador.

4. Because Iberia was a British Airways partner airline, a customer could purchase tickets at a British Airways ticket counter for travel on Iberia flights.

5. When a British Airways representative entered ticketing and/or credit card information into British Airways' electronic booking system, that data appeared in real time in the British Airways worldwide network once the booking transaction was completed, and thereafter could be retrieved by representatives of British Airways and partner airlines on which flights had been booked, including at British Airways and such partner airlines' ticketing and/or

check-in counters worldwide. This data would have been transmitted to the airport of departure during a passenger's check-in process at that airport.

## THE SCHEME

5. From in or about May 2014 through at least in or about May 2015, defendant

**DAOUDA DIENG**

devised and intended to devise a scheme to defraud British Airways, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

1. Defendant DAOUDA DIENG purchased multiple tickets at British Airways ticketing counters at multiple airports in the United States.

2. Defendant DAOUDA DIENG purchased blocks of tickets at a time (anywhere from 2 to 30 tickets).

3. The tickets were for third-party international travel on Iberia, a BA partner airline.

4. Sometimes, defendant DAOUDA DIENG told the ticketing agent that he was purchasing tickets for a soccer team.

5. Most of the ticket itineraries involved travel from Dakar, Senegal to Madrid, Spain; e.g., a typical itinerary was from Dakar, Senegal to Quito or Guayaquil, Ecuador, via Madrid, Spain.

6. The tickets were for flights that departed just a few hours or days after defendant DAOUDA DIENG purchased the tickets.

7. To purchase the tickets, the defendant DAOUDA DIENG used multiple different credit cards.

8. These credit cards were embossed with the true credit card account numbers of various persons and entities. However, the name of the purported card holder, also embossed on the credit card, was false, i.e., it was not the name of the true account holder.

9. The true account holders did not know about, and did not authorize, defendant DAOUDA DIENG's purchase of these tickets.

10. When defendant DAOUDA DIENG purchased the tickets, he presented the British Airlines ticketing agents with false identification in the same false name as appeared on the fraudulent credit card with which he was purchasing the tickets.

11. On or about each of the dates set forth below, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DAOUDA DIENG**

for the purpose of executing the scheme described above, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below:

| Date | Description |
|---|---|
| 4/4/2015 | Ticketing data for the purchase of tickets, transmitted from British Airways at Philadelphia International Airport in the United States, for travel from Dakar, Senegal to Madrid, Spain on April 4, 2015 on Iberia flight IB3329, using the SunTrust Bank credit card account ending 8714 of N.C.G.E. |
| 4/4/2015 | Ticketing data for the purchase of tickets, transmitted from British Airways at Philadelphia International Airport in the United States, for travel from Madrid, Spain, to Guayaquil, Ecuador on April 5, 2015 on Iberia flight IB6463, using the Citibank Mastercard account ending 9115 of S.L. |
| 4/4/2015 | Ticketing data for the purchase of tickets, transmitted from British Airways at Philadelphia International Airport in the United States, for travel from Madrid, Spain to Guayaquil, Ecuador on April 5, 2015 on Iberia flight IB6463, using the Wells Fargo Visa account ending 2771 of L.H. |

In violation of title 18, United States Code, Section 1343.

## COUNTS TWO THROUGH FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about each of the dates listed below, each instance constituting a separate count, in the Eastern District of Pennsylvania, defendant

## DAOUDA DIENG

knowingly and without lawful authority used a means of identification of the persons listed below, that is, their credit card account number, during and in relation to wire fraud.

| COUNT | DATE | NAME | ACCOUNT |
|---|---|---|---|
| 2 | 4/4/15 | N.C.G.E. | SunTrust Mastercard account ending 8714 |
| 3 | 4/4/15 | S.L. | Mastercard account ending 9115 |
| 4 | 4/4/15 | L.H. | Wells Fargo Visa account ending 2771 |

In violation of Title 18, United States Code, Section 1028A(a)(1), (c)(5).

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Section 1343, set forth in this indictment, defendant

**DAOUDA DIENG**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations including, but not limited to, the sum of $21,651.36

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18 United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_for_ _[signature]_
**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**

7